# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DAVID C. JUAREZ,

          Plaintiff,

v.

SGT. MORRIS and MP LATISHA,

          Defendants.

Case No. 21-CV-1090-JPS

**ORDER**

    Plaintiff David C. Juarez, formerly an inmate confined at Racine County Jail, filed a pro se complaint under 42 U.S.C. § 1983 alleging that the defendants violated his constitutional rights. ECF No. 1. On October 7, 2021, Plaintiff filed a motion for a protective order. ECF No. 7. On December 28, 2021, Plaintiff filed a notice of change of address–indicating he was no longer incarcerated–along with a motion for e-filing privileges. ECF Nos. 10, 12. On June 17, 2022, Plaintiff filed a motion requesting review of the case to be heard. ECF No. 13. On August 3, 2022, Plaintiff filed a motion for order to accept verified complaint and a notice of change of address. ECF No. 15.

    Plaintiff's motion for a protective order requests that the Court remove him from Racine County Jail; the Court liberally construes the motion as request for preliminary injunctive relief. *See* ECF No. 7. Plaintiff's most recent notice of change of address, ECF No. 15, indicates that Plaintiff is no longer incarcerated. As such, the Court will deny Plaintiff's motion for a protective order as moot. *See Maddox v. Love,* 655 F.3d 709, 716 (7th Cir. 2011) (concluding that prayer for injunctive relief was moot because plaintiff was transferred to a different facility and failed to allege "a realistic

possibility that he will again be incarcerated in the same state facility and therefore be subject to the actions of which he complains").

The Court will deny Plaintiff's motion for e-filing privileges, ECF No. 12, without prejudice. Plaintiff states that the reason he would like e-filing privileges is because his living conditions have been unstable. E-filing by individuals not in custody generally is limited to members of the bar. Non-incarcerated individuals must have a PACER account, a computer, a program to create PDF documents, and a scanner. There are also charges associated with using a PACER account. At this time, the Court declines to extend e-filing privileges to Plaintiff. If his living conditions stabilize, Plaintiff may renew his motion and should describe to the Court how he would be able to satisfy the e-filing requirements.

The Court will grant Plaintiff's motion requesting review of the case, ECF No. 13, as this Order addresses Plaintiff's outstanding motions. The Court will, however, deny Plaintiff's motion for order to accept verified complaint as it is not clear what relief Plaintiff seeks. Plaintiff's motion attaches a lengthy complaint of over one-hundred pages filed in Racine County Circuit Court. He requests that the Court accept the verified complaint "under indigents proclaimed by Mr. Juarez and granted under Case No: 21cv1090, 21cv1091, 21cv1092, and 21cv1161." ECF No. 15. To the extent that Plaintiff wishes to file an amended complaint in his cases, Plaintiff is instructed to refile his motion in accordance with the procedures outlined in Federal Rule of Civil Procedure 15 and Local Civil Rule 15.

The remainder of this Order resolves Plaintiff's motion for leave to proceed without prepaying the filing fee and screens his complaint.

1.  **MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE**

The Prison Litigation Reform Act ("PLRA") applies to this case because Plaintiff was a prisoner when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the Court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. *Id.* § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

On October 4, 2021, the Court waived payment of the initial partial filing fee. ECF No. 6. The Court will grant Plaintiff's motion for leave to proceed without prepaying the filing fee. ECF No. 3. He must pay the remainder of the filing fee over time in the manner explained at the end of this Order.

2.  **SCREENING THE COMPLAINT**

    **2.1     Federal Screening Standard**

Under the PLRA, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). A complaint must include "a short and plain statement of the

claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes pro se complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

### 2.2 Plaintiff's Allegations

Plaintiff names two defendants, Sgt. Morris and MP Latisha, in this action. ECF No. 1. Plaintiff names Sgt. Morris in relation to the conditions of his confinement and placement in a cell where a COVID-19 positive inmate had been located. *Id.* at 2. Plaintiff names MP Latisha in relation to his abuse of prescribed medication and MP Latisha's failure to respond to his requests and to provide adequate medical care. *Id.* at 8–9. The Court will not elaborate on these factual allegations, however, because as described in detail below, Plaintiff's two claims do not belong in the same lawsuit.

### 2.3 Analysis

The Court will dismiss Plaintiff's complaint, with leave to amend, for its failure to comply with Federal Rules of Civil Procedure 18 and 20.

Page 4 of 8
Case 2:21-cv-01090-JPS   Filed 08/05/22   Page 4 of 8   Document 16

While multiple claims against a single party are fine, a plaintiff cannot bring unrelated claims against different defendants in the same case. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); Fed. R. Civ. P. 18(a) and 20(a)(2). A plaintiff may join multiple defendants in a single case only if the plaintiff asserts at least one claim against each defendant that arises out of the same events or incidents and involves questions of law or fact that are common to all the defendants. Fed. R. Civ. P. 20(a)(2); *George*, 507 F.3d at 607; *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012) (joinder of multiple defendants in one case "is limited to claims arising from the same transaction or series of related transactions"). Plaintiff's complaint violates Rules 18 and 20 because he seeks to bring two unrelated claims against unrelated defendants. The first claim against St. Morris involves the conditions of his confinement of his cell. The second claim against MP Latisha involves his medication abuse and MP Latisha's failure to provide adequate medical care. The two claims do not have defendants in common, nor do they share questions of law or fact. As such, the Court will dismiss Plaintiff's complaint, with leave to amend. An amended complaint must be filed on or before **August 26, 2022**.

When writing his amended complaint, Plaintiff should provide the Court with enough facts to answers to the following questions: 1) Who violated his constitutional rights?; 2) What did each person do to violate his rights?; 3) Where did each person violate his rights?; and 4) When did each person violate his rights? Plaintiff's amended complaint does not need to be long or contain legal language or citations to statutes or cases, but it does need to provide the Court and each Defendant with notice of what each Defendant allegedly did or did not do to violate his rights.

The Court is enclosing a copy of its amended complaint form. Plaintiff must list all of the defendants in the caption of his amended

Page 5 of 8
Case 2:21-cv-01090-JPS   Filed 08/05/22   Page 5 of 8   Document 16

complaint. He should use the spaces on pages two and three to allege the key facts that give rise to the claims he wishes to bring, and to describe which defendants he believes committed the violations that relate to each claim. If the space is not enough, Plaintiff may use up to five additional sheets of paper. The amended complaint takes the place of the prior complaint and must be complete, without reference to his prior complaint.

Plaintiff is advised that the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." The amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056 (7th Cir. 1998). In *Duda*, the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading." *Id.* at 1057 (citation omitted). If the amended complaint is received, it will become the operative complaint in this action, and the Court will screen it in accordance with 28 U.S.C. § 1915A.

3. **CONCLUSION**

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed without prepaying the filing fee, ECF No. 3, be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff's motion for a protective order, ECF No. 7, be and the same is hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** that Plaintiff's motion for e-filing privileges, ECF No. 12, be and the same is hereby **DENIED without prejudice**;

**IT IS FURTHER ORDERED** that Plaintiff's motion requesting review of the case, ECF No. 13, be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff's motion for order to accept verified complaint, ECF No. 15, be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that the complaint fails to state a claim;

**IT IS FURTHER ORDERED** that Plaintiff may file an amended complaint that complies with the instructions in this Order on or before **August 26, 2022**. If Plaintiff files an amended complaint by the deadline, the Court will screen the amended complaint under 28 U.S.C. § 1915A. If Plaintiff does not file an amended complaint by the deadline, the Court will dismiss this case based on his failure to state a claim in his original complaint and will issue him a "strike" under 28 U.S.C. § 1915(g);

**IT IS FURTHER ORDERED** that the Clerk's Office mail Plaintiff a blank prisoner amended complaint form and a copy of the guides entitled "Answers to Prisoner Litigants' Common Questions" and "Answers to Pro Se Litigants' Common Questions," along with this Order; and

**IT IS FURTHER ORDERED** that Plaintiff must pay the $350.00 balance of the filing fee over time as he is able. His payments shall be clearly identified by the case name and number assigned to this action. Plaintiff may mail his payments to the Clerk's Office at Office of the Clerk, United States District Court, Eastern District of Wisconsin, 362 United States Courthouse, 517 E. Wisconsin Avenue, Milwaukee, Wisconsin 53202.

Dated at Milwaukee, Wisconsin, this 5th day of August, 2022.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

Plaintiffs who are inmates at Prisoner E-Filing Program institutions shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. Prisoner E-Filing is mandatory for all inmates at Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility.

Plaintiffs who are inmates at all other prison facilities, or who have been released from custody, will be required to submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

**DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS**. If mail is received directly to the Court's chambers, **IT WILL BE RETURNED TO SENDER AND WILL NOT BE FILED IN THE CASE**.

Plaintiff is further advised that failure to timely file any brief, motion, response, or reply may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. **IF PLAINTIFF FAILS TO PROVIDE AN UPDATED ADDRESS TO THE COURT AND MAIL IS RETURNED TO THE COURT AS UNDELIVERABLE, THE COURT WILL DISMISS THIS ACTION WITHOUT PREJUDICE**.