# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DAVID C. JUAREZ,

    Plaintiff,

v.

SGT. MORRIS and MP LATISHA,

    Defendants.

Case No. 21-CV-1090-JPS

**ORDER**

  Plaintiff David C. Juarez, formerly an inmate confined at Racine County Jail, filed a pro se complaint under 42 U.S.C. § 1983 alleging that the defendants violated his constitutional rights. ECF No. 1. On August 5, 2022, the Court screened Plaintiff's complaint in accordance with 28 U.S.C. § 1915A(a) and also addressed various pending motions. ECF No. 16. The Court dismissed Plaintiff's complaint, with leave to amend, for its failure to comply with Federal Rules of Civil Procedure 18 and 20. *Id.* The Court also denied Plaintiff's motion for a protective order as moot based on his release from custody and denied Plaintiff's motion to accept verified complaint. *Id.*

  On August 22, 2022, Plaintiff filed a motion for order of protection and a motion for an extension of time to file a complaint. ECF Nos. 17, 18. On September 28, 2022, Plaintiff filed a motion requesting the Court to provide him a copy of the amended complaint, ECF No. 21, and on October 23, 2022, Plaintiff filed a motion for reconsideration for the Court to accept the verified complaint, ECF No. 23.

  The Court will grant Plaintiff's motion for an extension of time and will allow him to file an amended complaint on or before **January 3, 2023**. The Court will additionally grant Plaintiff's request for a copy of the original complaint in order to aid him with amending the complaint.

The Court will, however, deny Plaintiff's renewed requests for an order of protection, liberally construed as a motion for a preliminary injunction, and to accept the verified complaint for the reasons previously explained in its August 5, 2022 order. Plaintiff was in custody at the time the original complaint was filed but his current address indicates he is now out of custody. ECF Nos. 1, 22. Plaintiff requests "a global request in or out of custody to be sent against the Racine PD, Racine Sheriffs, Kenosha PD, Kenosha Sheriffs, Caledonia PD, Caledonia Sheriffs, Pleasant Prairie PD, Pleasant Prairie Sheriffs, Racine DAs Office, Racine DOC Probation Department." ECF No. 18 at 1. Plaintiff indicates that for the last four years he has been harassed, stalked, unlawfully detained, given citations, had his vehicle taken without a warrant, physically assaulted, and evicted from his home, among other things.

A preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). To obtain preliminary injunctive relief, whether through a TRO or preliminary injunction, the plaintiff must show that (1) his underlying case has some likelihood of success on the merits, (2) no adequate remedy at law exists, and (3) he will suffer irreparable harm without the injunction. *Wood v. Buss*, 496 F.3d 620, 622 (7th Cir. 2007). A preliminary injunction is not appropriate to guard against the "mere possibility of irreparable injury." *Orr v. Shicker*, 953 F.3d 490, 501 (7th Cir. 2020) (citing *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008)). If the plaintiff can establish those three factors, the court must balance the harm to each party and to the public interest from granting or denying the injunction. *See Wood*, 496 F.3d at 622; *Korte v. Sebelius*, 735 F.3d 654, 665 (7th Cir. 2013); *Cooper v. Salazar*, 196 F.3d 809, 813 (7th Cir. 1999).

In the context of prisoner litigation, the scope of the court's authority to issue an injunction (including a TRO) is circumscribed by the Prison Litigation Reform Act (PLRA). *See Westefer v. Neal*, 682 F.3d 679, 683 (7th Cir. 2012). Under the PLRA, preliminary injunctive relief "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. §3626(a)(2); *see also Westefer*, 682 F.3d at 683 (noting the PLRA "enforces a point repeatedly made by the Supreme Court in cases challenging prison conditions: prisons officials have broad administrative and discretionary authority over the institutions they manage" (internal quotation marks and citation omitted)).

Plaintiff fails to carry the burden of persuasion that the drastic remedy of a preliminary injunction is appropriate in this instance. Plaintiff seeks incredibly broad relief against multiple municipalities that this Court is unauthorized to grant. *See* 18 U.S.C. §3626(a)(2); *Westefer*, 682 F.3d at 683. Moreover, while the Court can certainly understand that Plaintiff may rightly feel he is being treated unfairly by these entities, he has not provided any facts to show that no remedy at law exists. As such, the Court is obliged to deny Plaintiff's motion for an order of protection.

As to Plaintiff's motion for reconsideration to accept the verified complaint, the Court again acknowledges its confusion with the relief sought in this request. Plaintiff provides that he spent approximately $400.00 producing the one-hundred-page complaint and significant effort in its creation (noting he wrote the complaint with access only to a three-inch pencil and no law library). ECF No. 23. At this early point in the litigation, it is unclear how or if Plaintiff intends to use his state-court complaint in this case. To ease Plaintiff's mind, however, the Court notes

Page 3 of 5
Case 2:21-cv-01090-JPS   Filed 12/19/22   Page 3 of 5   Document 25

that Plaintiff's document is preserved on the docket and will be available in the event that Plaintiff should need it going forward.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for an extension of time to amend the complaint, ECF No. 17, be and the same is hereby **GRANTED**; Plaintiff must file an amended complaint on or before **January 3, 2023**;

**IT IS FURTHER ORDERED** that Plaintiff's motion for an order of protection, ECF No. 18, be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that Plaintiff's motion for a copy of the original complaint, ECF No. 21, be and the same is hereby **GRANTED**; the Clerk shall provide a copy of the original complaint along with this Order; and

**IT IS FURTHER ORDERED** that Plaintiff's motion for reconsideration to accept the verified complaint, ECF No. 23, be and the same is hereby **DENIED**;

Dated at Milwaukee, Wisconsin, this 19th day of December, 2022.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

Plaintiffs who are inmates at Prisoner E-Filing Program institutions shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. Prisoner E-Filing is mandatory for all inmates at Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility.

Plaintiffs who are inmates at all other prison facilities, or who have been released from custody, will be required to submit all correspondence and legal material to:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

**DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS**. If mail is received directly to the Court's chambers, **IT WILL BE RETURNED TO SENDER AND WILL NOT BE FILED IN THE CASE**.

Plaintiff is further advised that failure to timely file any brief, motion, response, or reply may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. **IF PLAINTIFF FAILS TO PROVIDE AN UPDATED ADDRESS TO THE COURT AND MAIL IS RETURNED TO THE COURT AS UNDELIVERABLE, THE COURT WILL DISMISS THIS ACTION WITHOUT PREJUDICE**.